## THOMPSON *vs.* RAY.

[TROVER FOR CONVERSION OF COTTON.]

1. *Sale, contract of; non-performance of condition; what does not excuse.* If by the terms of a sale the property in the thing sold is to pass to the vendee upon his deposit of the purchase-money at a particular bank, the refusal of the bank to receive it will not excuse the non-performance of the condition.

2. *Contract, assent of parties to ; to what has not reference.*—The principle of the law of contracts that both parties must assent to the same thing, and in the same sense, has no reference to the misconceptions of the parties not authorized by the terms of the agreement.

. APPEAL from the Circuit Court of Montgomery. Tried before Hon. J. Q. SMITH.

The facts are sufficiently stated in the opinion.

ELMORE & GUNTER, for appellants.—I. The first charge asked is in these words : "That if the title to the cotton was to pass to the defendant upon his deposit of the thing agreed to be given, into the bank, the refusal of the bank to receive the same is no excuse for not making the deposit, and the title would not pass until it was made."

This first charge asserts a correct proposition of law and should have been given to the jury.—1 Parsons on Cont. 537 ; Benj. on Sales, 425 ; *Stinson v. Dousman,* 20 How. 461 ; *Neil v. United States,* Dev. C. C. 117 ; *Beebe v. Johnson,* 19 Wend. 500 ; *Blacksmith v. Fellows,* 7 N. Y. (3 Seld.) 401 ; *People v. Dibble,* 16 N. Y. (2 Smith) 203 ; *Dill v. Camp,* 22 Ala. 249 ; *ib.* 27 Ala. 553 ; *Morrow v. Camfield,* 7 Porter, 42.

The charge was not abstract, for the bill of exceptions states that there was evidence in the cause to the effect that the contract of sale was upon the express condition that the money or thing agreed to be given was to be deposited in the bank on the next day.

II. The second and third charges asked and refused, involve the principle of law in the first charge with this other one, viz : "That there is no contract, unless the parties assent to the same thing and in the same sense" ; which is too clear to admit of doubt.—See 1 Parsons on Contracts, 475, and cases there cited ; *Falls & Caldwell v. Gaither*, 9 Port. 605; *Eliason v. Henshaw*, 4 Wheat. 228 ; *Dill v. Camp*, 22 and 27 Ala. ; Benj. on Sales, p. 36.

MARTIN & SAYRE, *contra*.—[Appellee's brief did not come into Reporter's hands.]

B. F. SAFFOLD, J.—The appellant having sued the appellee for the conversion of twelve bales of cotton, the issue became resolved into the question whether a contract for the sale of the cotton, made between the parties, had been so far completed as to pass the property to the vendee, Ray. The plaintiff claimed that it was a precedent condition of the sale that the defendant should deposit the purchase-money at the Central Bank of Montgomery on the next day, which he failed to do for some time afterwards, and until he had notified the warehousemen not to deliver the cotton to him. The defendant denied the condition, insisting that the sale was absolute. He admitted that the money was not deposited at the bank, or tendered to the plaintiff, until two or three weeks after the sale, but claimed that he had offered to deposit it at the bank a day or two thereafter, and the bank refused to receive it.

The plaintiff asked the following charge, which was refused :

"If the title to the cotton was to pass to the defendant upon his deposit of the thing agreed to be given into the bank, the refusal of the bank to receive the same is no excuse for not making the deposit, and the title would not pass until it was made." This charge ought to have been given. It was the point of the controversy, and contained the essence of the contract. If a party covenant to do an act, the difficulty or improbability of accomplishing it, not involving any fault of the other party, will not

excuse him.—*Beebe vs. Johnson*, 19 Wend. 500.  The property in the thing sold passes to the purchaser upon the completion of the sale, whether the sale is completed or not being a question of fact for the jury.—1 Parsons on Contracts, 440–441.  Whether this deposit, though agreed to be made, was in fact a material ingredient of the sale, was also embraced in the charge and might have been more prominently exhibited by appropriate charges asked by the defendant.

There were two other charges asked by the plaintiff and refused.  These charges are as follows :

"If Thompson's understanding of the contract was that the cotton was sold on condition of Ray's depositing the money on the next day in the Central Bank, and Ray did not make the deposit on the day fixed on, then the title did not pass to Ray, although Ray's understanding of the contract was different, and Ray sold the cotton, he is liable."

"If the jury find from the evidence that Thompson intended to sell the cotton on condition that Ray should deposit the thing or consideration agreed to be given in the Central Bank on the next day, and Ray did not make the said deposit in said bank on the next day, and afterwards sold the cotton, he is liable to the plaintiff, although the jury believed from the evidence that Ray in making the contract did not intend to buy the cotton on such condition."

The charges refused assert that a disagreement between the parties as to the conditions of the sale would vitiate the contract without regard to the reasonableness of the construction given to its terms by the one or the other of the parties.  It is true, that there is no contract unless the parties assent to the same thing, and in the same sense.  But if one seeks to convey his meaning by expressions importing something different, or attaches to the proposition of the other a significance not authorized, whatever injury may result from the misunderstanding must be visited upon him.

The judgment is reversed and the cause remanded.